IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Abqurrah Ali, | ) | C/A No. 3:26-802-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| York Woods Apartments; Sterling Columbia | ) | |
| Apartments, LLC, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

The petitioner, Abqurrah Ali, proceeding *pro se*, commenced this case by filing a "petition to compel arbitration." (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court recommends that this action be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.[1]

I.    **Factual and Procedural Background**

This is the petitioner's second case seeking to stay state court eviction proceedings filed against her by the respondents. See York Woods Apartments v. Ali, C/A No. 3:26-165-JFA (attempted removal of eviction proceedings). The petitioner purports to bring the current action as a petition to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. She asserts that the residential lease agreement forming the basis of the underlying dispute contains

---

[1] Plaintiff moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

an arbitration clause, that she has attempted to enforce the arbitration clause, and that the respondents have refused to arbitrate, instead pursuing eviction proceedings. The petitioner further alleges that the underlying dispute concerns alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. The petitioner seeks an order compelling arbitration and staying all related proceedings, including the state court eviction proceedings.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition. The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the petitioner must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the initial pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the initial pleading's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The petitioner presents the same arguments here that she espoused in the notice of removal and objections to the report and recommendation in her prior action.  As the petitioner herself admits, this action involves the same parties and concerns the same lease agreement.  (See ECF No. 1-7 at 1.)  The duplication of the petitioner's claims, on its own, warrants summary dismissal. See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).

Moreover, as the court previously explained, federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th

Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the pleading provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in the Petition do not fall within the scope of either of these forms of this court's limited jurisdiction. And no other basis for federal jurisdiction is apparent from the Petition.

The petitioner expressly alleges that this court "has jurisdiction under 28 U.S.C. § 1331 because the underlying controversy arises under federal law, specifically the FDCPA and FAA." (ECF No. 1 at 2.) Federal question jurisdiction requires the pleader to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court has already addressed the petitioner's FDCPA argument and explained that the petitioner's

dispute with the respondents—her landlords—does not arise under the FDCPA. See York Woods Apartments v. Ali, C/A No. 3:26-165-JFA, Order Ruling on Report and Recommendation at 3-4, ECF No. 34; see also 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 135-37 (4th Cir. 2016) (explaining the difference between debt collectors, a business whose principal purpose is the collection of debts owed to another and are covered by the FDCPA, and creditors, who collect debt owed to themselves and are not covered by the FDCPA), aff'd, 582 U.S. 79 (2017); La Count v. Hudgens, C/A No. 6:24-4383-DCC-KFM, 2024 WL 5323826, at *3 (D.S.C. Oct. 15, 2024) (removal of state court eviction proceeding dismissed for lack of subject matter jurisdiction where the defendant attempted to "manufacture federal question jurisdiction" by invoking the FDCPA), R&R adopted by 2025 WL 91791 (Jan. 14, 2025). The petitioner offers no new argument or authority that would alter this conclusion.

The petitioner's FAA argument is equally unavailing. First, the petitioner fails to show that the FAA governs the residential lease agreement at issue. The FAA applies "to proceedings to enforce the arbitration provisions of contracts affecting interstate commerce." M.C. Constr. Corp. v. Gray Co., 17 F. Supp. 2d 541, 546 (W.D. Va. July 30, 1998). There is no indication that the petitioner's contract with the respondents affects interstate commerce. Moreover, even if the FAA were applicable, "it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 [] or otherwise." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983). Rather "[s]ection 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there

must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Id.  As the petitioner has not shown that the court has subject matter jurisdiction over the underlying dispute, she may not invoke the FAA.[2]

Finally, the petitioner filed a "motion for writ of mandamus," asserting that the court has jurisdiction pursuant to 28 U.S.C. § 1361.  (ECF No. 14 at 1-2.)  In her motion, the petitioner seeks a writ of mandamus declaring the writ of ejectment void, ordering the respondents to restore possession of her apartment, ordering the sheriff's department to assist in the restoration of her possession, ordering the county magistrate to void the writ of ejectment, and ordering the respondents to cease all eviction-related actions.  (Id. at 4.)

This court does not have jurisdiction to grant mandamus relief against state officials or private individuals.  See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); In re Payne, 305 F. App'x 65, 66 (4th Cir. 2008) ("This court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders.") (citations omitted); see also Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969) (stating that the authority of federal courts to issue extraordinary writs derives from the "all writs statute," 28 U.S.C. § 1651, which exists for the sole purpose of protecting the respective jurisdictions of those courts).  Accordingly, the petitioner's inclusion of a request for mandamus relief does not confer jurisdiction.

---

[2] Plaintiff does not plead diversity jurisdiction under 28 U.S.C. § 1332, and the court notes that the parties appear to all be domiciled in South Carolina.  Diversity of citizenship does not therefore provide an independent basis for federal subject matter jurisdiction.

**III.     Conclusion**

There being no apparent basis of federal jurisdiction over this matter, the court recommends that the Petition be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.  In addition, the petitioner's pending motions for enforcement of federal jurisdiction and to halt state court proceedings, to stay state court eviction proceedings and for temporary restraining order, for an emergency hearing, to amend emergency motion for temporary restraining order, for a writ of mandamus, and for emergency hearing on petition for writ of mandamus should be terminated based on the court's finding that it lacks subject matter jurisdiction over this action.  (ECF Nos. 7, 8, 10, 13, 14, 20.)

March 9, 2026                               Paige J. Gossett
Columbia, South Carolina               UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).