IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Abqurrah Ali, | C/A No. 3:26-cv-802-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| York Woods Apartments; Sterling Columbia Apartments, LLC, | |
| Defendant. | |

## I.    INTRODUCTION

Abqurrah Ali, proceeding pro se, commenced this case by filing a "petition to compel arbitration." In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the initial petition and numerous other filings, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 21). Within the Report, the Magistrate Judge opines that this case should be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction.  *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Thereafter, Plaintiff filed objections (ECF No. 27) along with several other motions, supplements, and exhibits. Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de*

1

*novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.     DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 21). The Report ultimately concludes this court lacks subject matter jurisdiction and therefore the case must be dismissed. Plaintiff lodges several objections to the Report. Each is addressed in turn.

Plaintiff's first objection states that the Report "incorrectly treats Petitioner's filing as an attempt to appeal or overturn a state eviction judgment" and "Petitioner is not seeking federal review of a state-court judgment." (ECF No. 27, p. 3). A thorough review of the Report shows that the Magistrate Judge never treated Plaintiff's action as an attempt to appeal a state court judgment. Instead, the Report treated Plaintiff's filing as an independent case and nevertheless concluded this court lacked jurisdiction. Accordingly, this objection lacks merit and is overruled.

Within her second objection Plaintiff states that "Rooker-Feldman does not apply." (ECF No. 27, p. 4). It appears that Plaintiff is arguing that the Rooker-Feldman doctrine should not act as a bar to her claims here. However, the Report does not utilize the Rooker-Feldman doctrine at all. Accordingly, Plaintiff's objection is completely frivolous and overruled.

Plaintiff's third objection states that "this court has jurisdiction to enforce arbitration rights." (ECF No. 27, p. 5). Plaintiff appears to argue that this court has jurisdiction to enforce arbitration provisions given her allegations of "independent federal issues" which include: "Due process violations, execution of a void writ, interference with federal arbitration rights, ongoing harm to Petitioner and her minor child, violation of nondisclosure agreement, state-court refusal to accept filings." *Id.* Apart from merely listing these "issues," Plaintiff fails to show how any of

these claims arise under the Constitution, laws, or treaties of the United States. Accordingly, Plaintiff has failed to show how this court has federal question jurisdiction. Because the Federal Arbitration Act does not create any independent federal-question jurisdiction, Plaintiff has failed to show any error in the Report.

Within Objections Four, Five, Six, and Eight, Plaintiff takes issue with the Report's failure to address substantive arguments relating to "the void writ issue," "the NDA violation," "ongoing harm to Petitioner and her minor child," and "false statements made to a South Carolina Notary." (ECF No. 27, p. 6-7). Plaintiff is correct that the Report did not discuss the merits of Plaintiff's substantive claims. The Report failed to address these claims because this court lacks jurisdiction. Without subject matter jurisdiction, this court must dismiss the case and take no further action. Accordingly, Plaintiff has failed to show any error in the Report, and these objections are overruled.

In Plaintiff's seventh objection, she states "the FDCPA issue is not dispositive." (ECF No. 27, p. 7). Plaintiff avers that even if the FDCPA does not apply, she has still raised other issues such as "Federal Constitutional Issues." However, as stated above, Plaintiff has failed to articulate or support any grounds which would provide this court with federal question jurisdiction. Accordingly, her objection must be overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Defendant specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 21). For the reasons discussed above and in the Report, this matter is summarily dismissed without prejudice and without issuance and service of process for lack of subject matter

4

jurisdiction. In addition, all other pending motions are hereby terminated based on the court's

finding that it lacks subject matter jurisdiction over this action.

IT IS SO ORDERED.

March 19, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge